UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HONG MAI,

                Plaintiff,

  - against -

NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY
ASSISTANCE; NEW YORK STATE
DEPARTMENT OF HEALTH; NEW YORK
CITY DEPARTMENT OF HEALTH; NEW
YORK CITY HEALTH AND HOSPITAL
CORP.; METRO PLUS HEALTH PLAN; CVS
PHARMACY at 72-09 NORTHERN
BOULEVARD, JACKSON HEIGHT, NY
1372; CVS PHARMACY at 530 BURNSIDE
AVENUE, INWOOD, NY 11096; RITEAID
PHARMACY at 8510 NORTHERN BLVD.,
JACKSON HEIGHT; and BELLEVUE
HOSPITAL PHARMACY,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-MC-3095 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On October 19, 2000, the Honorable Allyne R. Ross entered an order enjoining Plaintiff Hong Mai ("Plaintiff") from filing any new actions in this district without first obtaining leave to do so. *See Mai v. NYS Dep't of Welfare*, No. 00-CV-5914 (ARR) (CLP), slip op. (E.D.N.Y. Oct. 10, 2000). On October 17, 2022, Plaintiff submitted a request for leave to file and proposed Complaint (Dkt. 1; Dkt. 1-1), along with a motion to proceed *in forma pauperis* (Dkt. 2). For the reasons that follow, her motion for leave to file is denied.

1

## BACKGROUND

The proposed Complaint seeks review of the New York State Department of Health's Decision after Fair Hearing issued on August 4, 2022. (*See* Dkt. 1-1, at ECF 3, 5–11.)[1] According to the Decision, Plaintiff alleged at the Fair Hearing before the Administrative Law Judge ("ALJ") that her pharmacy denied to fill her prescription for Lidocaine patches. (*See* Dkt. 1-1, at ECF 10.) However, the ALJ found that there was no denial on the record, and in fact, Plaintiff was in receipt of the patches. (*Id.*) Thus, the Decision stated that the Commissioner did not have jurisdiction to review. (*Id.*)

Plaintiff alleges in her proposed Complaint that the ALJ erred in finding no denial on the record. (*Id*. at ECF 3 ("[Defendants] said CVS did not have a denial on the record for my[] Lidocaine 5% patch[es] . . . They also stated that I was in receipt of the [L]idocaine patches. It is not true.").) Plaintiff further asserts that various pharmacies have denied and/or overcharged Plaintiff for her prescription artificial tear drops, but that Defendants have not yet heard her "artificial tear drop case[.]" (*Id.*) Plaintiff alleges that Defendants' actions are "erroneous" and "contrary to law" and seeks this Court's review pursuant to Article 78 of New York's Civil Practice Law and Rules. (*Id.*; N.Y. C.P.L.R. art. 78.)

## DISCUSSION

Federal courts are not subject to New York State procedural rules, including Article 78 proceedings, and have no jurisdiction over such a claim. *See Beckwith v. Erie Cnty. Water Auth.*, 413 F. Supp. 2d 214, 226–27 (W.D.N.Y. 2006) ("[T]his court has no original or supplemental subject matter jurisdiction over [plaintiff's] Article 78 proceeding as neither federal nor New York

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

state law empower the federal courts to consider such claims, and, under New York law, authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in New York Supreme Court."). Thus, this Court cannot hear Plaintiff's Article 78 claims.

The Court also liberally construes the *pro se* proposed Complaint as asserting that state agency Defendants have unauthorizedly deprived Plaintiff of her medications without procedural due process. But "where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post[-]deprivation remedy." *See Chambliss v. Westchester Cnty. Dep't of Soc. Servs.*, No. 17-CV-3019 (CM), 2017 WL 4350600, at *2 (S.D.N.Y. June 12, 2017). Further, this Circuit has held that "an Article 78 proceeding is a perfectly adequate post[-]deprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996).

Here, Plaintiff appears to assert that the ALJ's "unauthorized" actions and erroneous Fair Hearing determination deprived her of her medications—not that the established procedure of Fair Hearings caused the deprivation. (*See* Dkt. 1-1, at ECF 3 ("The [D]efendant did not hear my artificial tear drop case and made up a story they had to refund to me which is not correct which is subject to judicial [review] pursuant to [A]rticle 78 of the [C]ivil [P]ractice [L]aw and [R]ules.").) Plaintiff also self-identifies that Article 78 is the correct remedy for contesting the ALJ's allegedly erroneous determination. (*Id.*) Thus, Plaintiff fails to state a claim for denial of due process. *See Chambliss*, 2017 WL 4350600, at *2 (finding that the plaintiff had failed to state a claim for denial of due process because she "could have filed an Article 78 proceeding in state court to challenge" her fair hearing determination).

Having carefully considered the proposed Complaint and request for leave to file, the Court concludes that Plaintiff has not presented valid reasons for lifting the filing injunction against her. *See Biton v. Verilli*, Nos. 17-MC-803 (LDH), 17-MC-804 (LDH), 2017 WL 6383885, at *1 (E.D.N.Y. May 15, 2017) (denying plaintiffs' applications for leave to file complaint where a barred litigant's "request does not provide any valid reason to allow the proposed actions to go forward").

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for leave to file the proposed Complaint. Plaintiff's motion to proceed *in forma pauperis* is accordingly denied as moot. The Order barring Plaintiff from filing future complaints without leave of the Court remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 14, 2022
       Brooklyn, New York